816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward SELTZER and Automotive Management, Inc., a Florida
corporation, Plaintiffs-Appellants,
v.
L. Clay CAMP, Defendant-Appellee.
 No. 86-5586.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Edward Seltzer (the plaintiff or Seltzer), appealed from the district court's order granting summary judgment in favor of one of the defendants, L. Clay Camp (the defendant or Camp), in this diversity suit involving the disbursement of monies resulting from the sale of thoroughbred horses.
 
 
 2
 The record disclosed that for several years Seltzer was involved in a joint venture with Trend Agra Corporation (Trend Agra), whose principal officer was Jeffrey Rafsky (Rafsky). In August of 1983, Rafsky was desirous of selling Trend Agra's ownership interest in several horses jointly owned with Seltzer and consequently retained the defendant Camp, a Virginia horse bloodstock agent, to act as agent at a horse auction to be conducted on November 13, 1983. Camp would receive his usual 5% commission from the proceeds of the sale for his services. Camp became aware of Seltzer's ownership interest in the horses to be sold at the November auction when he registered them with the auctioneer, Fasig-Tipton of Kentucky (Fasig-Tipton). Shortly thereafter in September of 1983, Camp and Seltzer discussed the auction and Seltzer advised Camp that he would approve the sale if he would be permitted to purchase Trend Agra's interest in two of the jointly owned mares which were scheduled to be sold at the November auction.
 
 
 3
 On October 27, 1983, Trend Agra, Rafsky, and Seltzer executed a written contract under the terms of which Trend Agra agreed to sell Seltzer the two mares in question and Seltzer approved the sale of the remaining joint venture horses at the November auction and warranted his full cooperation to facilitate the sale, including "such authorization as L. Clay Camp may require in order to have access to and to take custody of the Sale Horses." In the agreement Seltzer acknowledged that Rafsky and Trend Agra were authorized to deal with third parties such as Fasig-Tipton, Camp, and various financial institutions on his behalf. A separate standard consignment contract between Rafsky and Fasig-Tipton authorized Camp to incur necessary expenses incidental to the sale of any horse, which costs the auctioneer was permitted to deduct from the net proceeds from the sale.
 
 
 4
 On November 13, 1983, the horses in question were sold by Fasig-Tipton, with Camp acting as agent for Trend Agra and Seltzer. Seltzer was in attendance and entered no objections to the conduct of the sale or the services performed by Camp. Fasig-Tipton subsequently paid Camp's 5% commission from the proceeds of the sale, prorating the payment equally between Trend Agra and Seltzer. Seltzer thereafter objected to the 50% assessment of Camp's commission against his share of the sale proceeds, charging that Trend Agra was solely responsible for the entirety of Camp's commission. After unsuccessfully demanding reimbursement of the contested sum from Fasig-Tipton, Trend Agra, and Camp, the plaintiff initiated litigation in Kentucky state court, which was thereafter removed to federal court.
 
 
 5
 On Camp's motion, the district court granted summary judgment in his favor, concluding that any controversy as to allocation of the commission paid to Camp for his services was a matter to be resolved exclusively between the joint venturers and did not involve Camp, who had been retained to act as agent for the sale of the joint venture horses for which services he was entitled to be compensated. The district court also subsequently entered judgment for the plaintiff Seltzer against Trend Agra, the other defendant in the case, in the amount of the contested half share of Camp's commission. Seltzer timely appealed, and in this court urged that the district court's summary judgment in favor of the defendant Camp constituted error.
 
 
 6
 Having examined the record on appeal in its entirety and having considered the briefs and arguments of the parties, this court concludes that the district court's disposition was appropriate for the reasons identified by the district judge. The record fully substantiated that Seltzer agreed to the auction of the jointly owned horses, was manifestly aware of and consented to Camp's agency, and raised no objection to the conduct of the auction or to any specific actions of Camp; Camp performed his services to the full satisfaction of both Trend Agra and Seltzer; both parties accepted the benefits of the sale; and any dispute regarding allocation of Camp's commission expense was properly a matter between Seltzer and Trend Agra, a matter that was subsequently resolved by the judgment of the trial court against Trend Agra in an amount equal to Seltzer's assessed pro rata share of Camp's commission. Accordingly, the judgment of the district court is AFFIRMED.